IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DORMIFY, INC., | ) | Case No. 24-12634 (TMH) |
| | ) | |
| Debtor. | ) | |

**MOTION OF DEBTOR FOR PARTIAL RELIEF FROM, AND MODIFICATION OF, REQUIREMENTS FOR A CLAIMS AND NOTICING AGENT PURSUANT TO LOCAL RULE 2002-1(F)**

The above-captioned debtor and debtor-in-possession (the "*Debtor*") seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Order*"), granting the Debtor partial relief from, and modification of, the requirements to retain a claims and noticing agent under Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"). In support of this motion (the "*Motion*"), the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for relief requested herein are sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "*Bankruptcy Code*"), Rules 2002 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Local Rule 2002-1(f).

## BACKGROUND

4. On November 18, 2024 (the "*Petition Date*"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*"). The Debtor is authorized to continue operating its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Case.

5. The Debtor has filed a creditor matrix containing about 250 addresses, which it believes comprises the entire extent of its i) secured creditors; ii) accounts payable list (*i.e.*, potential unsecured creditors); iii) all banks at which the Debtor holds accounts; (iv) litigation adverse parties; and (v) other required notice parties, in order to provide notice to any and all potential creditors or notice parties. However, the Debtor anticipates that only a fraction of the parties included in the creditor matrix are likely to possess claims.

6. Local Rule 2002-1(f) provides that a debtor with more than two hundred (200) creditors or parties in interest listed on its creditor matrix must retain a notice and/or claims clerk, unless the Court orders otherwise, within seven (7) days of the Petition Date.

7. Here, the Debtor's universe of creditors is relatively limited. Accordingly, it is the Debtor's business judgment that funding a claims and noticing agent would not be prudent, especially given the relatively small number of creditors in this case.

## RELIEF REQUESTED

8. By this Motion, pursuant to sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002 and Local Rule 2002-1(f), the Debtor seeks entry of an Order (a) permitting G&M to

act as the noticing agent for the Debtor; and (b) waiving the requirement for the retention of a claims agent unless and until filed claims in this case exceed two hundred (200).

## BASIS FOR RELIEF

9. Local Rule 2002-1(f) provides that a debtor with more than 200 creditors on its creditor matrix may request relief from the requirements to retain a claims and noticing agent. For the reasons set forth above, the Debtor, in its business judgment, believes that such relief is the most prudent and efficient manner of proceeding in this case.

10. Further, the Debtor believes that, given the low number of expected claims in this case, permitting such claims to be filed with the Court will not be a burden on the Court, its staff or the system in general. The Debtor will monitor the claims register in this case, and in the event that the number of filed claims approaches two hundred (200), it will revisit the relief sought herein.

11. As such, the Debtor believes that the proposed relief is narrowly tailored to provide the Debtor with relief and preserve the assets of the estate, while still maintaining the Court's interest in relieving its staff from burdens involved with the claims and noticing processes. As such, the Debtor submits that the relief requested herein is appropriate and is in the best interests of its estate and creditors.

## NOTICE

12. Notice of this Motion has been given to (a) the Office of the United States Trustee for the District of Delaware; (b) the creditors holding the twenty (20) largest unsecured claims against the Debtor's estate; (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) any such other party entitled to notice pursuant to Local Rule 9013-1(m). As this Motion is seeking "first day" relief, within forty-eight hours of the entry of an order approving this Motion, the Debtor will serve copies of this Motion and any order entered in respect to this Motion

as required by Local Rule 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

      WHEREFORE, the Debtor respectfully requests that the Court (a) enter the Order granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated: November 21, 2024        Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**

By: */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk, Esq. (Bar ID 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

-and-

Harley J. Goldstein, Esq. (*pro hac vice* pending)
Ainsley G. Moloney, Esq. (*pro hac vice* pending)
Joshua M. Grenard, Esq. (*pro hac vice* pending)
William Thomas, Esq. (*pro hac vice* pending)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
harleyg@goldmclaw.com
ainsleyg@goldmclaw.com
joshuag@goldmclaw.com
willt@goldmclaw.com

*Proposed attorneys for the Debtor and Debtor-in-Possession*