IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>DORMIFY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-12634 (TMH)<br>(Jointly Administered)<br><br>Hearing Date: January 17, 2025, at 10:00 a.m. (ET)<br>Objection Deadline: January 5, 2025, at 4 p.m. ET for UST<br><br>Ref: Docket No. 14 |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF THE DEBTOR
FOR RELIEF FROM CLAIMS AGENT REQUIREMENT**

Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"), through his counsel, files this objection to the *Debtors' Motion for Relief from Claims Agent Requirement* (the "Motion") [D.I. 14], and in support of that objection, states:

**PRELIMINARY STATEMENT**

1.      By the Motion, the Debtor seeks relief from the requirement of Local Rule 2002-1 (f).  This rule requires the Debtor to retain a claims and noticing agent if the creditor matrix contains more than 200 creditors or parties in interest.  The Debtor concedes that there are more than 250 parties listed in its creditor matrix.  Mot. ¶ 5.  However, the Debtor has not submitted any evidence to support the assertion that there is cause for waiver of this requirement.  Rather, the Debtor believes that the number of actual claims will be much less than what the matrix presently reflects.  By the time of the hearing on the Motion, this case will be two months old.  Consequently, the Debtor should be able to determine if the number of parties in interest will exceed 200.  Nonetheless, the Debtor has not amended its matrix or otherwise alleged less than 200 parties in interest.  The claims agent plays a pivotal role in providing cost-free transparency

to all stakeholders.

2.       For these reasons, set forth in more detail below, the Motion should be denied.

## JURISDICTION & STANDING

3.       Pursuant to (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion and this Objection.

4.       Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

5.       Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## FACTUAL BACKGROUND

6.       The Debtor filed its voluntary chapter 11 petition in this Court on November 18, 2024 (the "<u>Petition Date</u>").  The Debtor continues to operate their business as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

7.       On December 11, 2024, the U.S. Trustee appointed the Official Committee of Unsecured Creditors.

8.       On November 21, 2024, the Debtor filed the Motion seeking relief from the

requirement of retaining a claims and noticing agent under Local Rule 2002-1(f).

## **ARGUMENT**

12. Local Rule 2002-1(f) provides:

> Notice and Claims Clerk. Upon motion of the debtor or trustee, in conformity with Local Form 134, at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c). In all cases with more than two hundred (200) creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion on the first day of the case or within seven (7) days thereafter. The notice and/or claims clerk shall comply with the Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c) (which can be found on the Court's website) and shall perform the functions below.
>
> (i) Serve the following notices: (a) 341 Notice (Notice of Commencement of Case) in conformity with Local Form 132; (b) Notice of Claims Bar Date in chapter 11 cases; (c) Objections to Claims and Transfers of Claims; (d) Notice of Hearing on confirmation of Plan/Disclosure Statement; (e) Notice of Hearing on motions filed by United States Trustee; (f) Notice of Transfer of Claim; and (g) any motion to convert, dismiss, appoint a trustee, or appoint an examiner filed by the United States Trustee's Office.
> (ii) Within seven (7) days of mailing, file with the Court a copy of the notice served with a Certificate of Service attached, indicating the name and complete address of each party served;
> (iii) Maintain copies of all proofs of claims and proofs of interest filed in the case;
> (iv) Maintain the official claims register and record all Transfers of Claims and make changes to the creditor matrix after the objection period has expired. The claims clerk shall also record any order entered by the Court that may affect the claim by making a notation on the claims register and monitor the Court's docket for any claims related pleading filed and make necessary notations on the claims register. No claim or claim information should be deleted for any reason;
> (v) Maintain a separate claims register and separate creditor mailing matrix for each debtor in jointly administered cases;
> (vi) File a quarterly updated claims register with the Court in alphabetical and numerical order. If there has been no claims activity, the claims clerk may file a Certification of No Claim Activity;
> (vii) Maintain an up-to-date mailing list of all creditors and all entities who have filed proofs of claim or interest and/or request for notices for each case and provide such list to the Court or any interested party upon request (within forty-eight (48) hours);
> (viii) Allow public access to claims and the claims register at no charge. The complete proof of claim and any attachment thereto shall be viewable and

     accessible by the public, subject to Local Rule 9037-1;
(ix) Within fourteen (14) days of entry of an Order dismissing a case or within twenty-eight (28) days of entry of a Final Decree, (a) forward to the Clerk an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF and (c) docket a Final Claims Register. If a case has jointly administered entities, one combined register shall be docketed in the lead case containing claims of all cases.
(x) Within the earlier to occur of (a) fourteen (14) days of entry of an Order converting a case and (b) entry of a termination order, (x) forward to the 20 Clerk an electronic version of all imaged claims; (y) upload the creditor mailing list into CM/ECF and (z) docket a Final Claims Register. If a case has jointly administered entities, one combined claims register shall be docketed in the lead case containing claims of all cases. A Final Claims Register and creditor mailing matrix shall also be docketed in each jointly administered case containing the claims and creditor mailing matrix parties, respectively, of only that specific case.
(xi) Upon conversion of a chapter 11 case to a chapter 7 case, if there are more than two hundred (200) creditors, the claims agent appointed in the chapter 11 case shall (i) continue to serve all notices required to be served, at the direction of the chapter 7 trustee or the Clerk's Office or (ii) submit a termination order.

13. The purposes behind Local Rule 2002-1(f) are to (i) relieve the Court Clerk's office from administrative tasks in certain chapter 11 cases, (ii) preserve judicial resources, and (iii) provide transparency and cost-free access to certain case filings.  The claims agent's tasks include serving notices of the section 341 meeting, the bar date, objections to claims and notices of various hearings.  Local Rule 2002-1(f)(i).  In addition, the claims agent is responsible for maintaining the claims register and filing an updated quarterly claims register.  Local Rule 2002-1(f)(iii) and (iv).   The claims agent is required to allow public access to claims and the claims register at no cost.  Local Rule 2002-1(f)(viii).  If the number of "creditors or parties in interest" listed in the Debtor's creditor matrix exceed 200, the Debtor is required to retain a claims agent unless the Court orders otherwise.  Local Rule 2002-1(f).  The retention of a claims agent is warranted by the facts of this case.  The creditor matrix lists over 200 parties.  Accordingly, the Clerk's office should not be required to expend its valuable resources providing the services

listed in Local Rule 2002-1(f).

14. The Debtor, as the proponent of the Motion, has the burden of providing evidentiary support for the relief requested. The Debtor has submitted no evidence that the relief is necessary. In fact, the Motion provides a basis to deny the relief. Debtor concedes that the creditor matrix contains the names of at least 250 parties. Mot. ¶ 5. As a result, this case falls within the purview of Local Rule 2002-1(f). The Debtor's argument is pure speculation. The Debtor states that "given the low number of **expected claims** in this case[,] permitting such claims to be filed with the Court will not be a burden on the Court, its staff or the system in general" (emphasis supplied). Mot. ¶ 10. To date, the Debtor has not amended the creditor matrix to reduce the number of parties in interest. Given that one month has elapsed since the Petition Date, the Debtor should have determined the number of parties in interest in this case. Further, the Local Rule does not limit the requirement to the number of "claims," but clearly states that the 200-entity threshold includes "creditors or parties in interest." Simply put, the Debtor has not provided any justification for depriving stakeholders of the benefits of the retention of a claims agent and burdening the Court with the claims agent's obligations.

15. The Debtor bears the burden of establishing cause to waive the requirement of retaining a claims agent. At present, the Debtor's creditor matrix exceeds the 200-party threshold set forth in Local Rule 2002-1(f). The U.S. Trustee leaves the Debtor to its burden and reserves all rights in connection therewith.

16. The U.S. Trustee reserves all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this Objection, file an appropriate motion, or conduct all discovery as may be deemed necessary or as may be required and to assert

such other grounds as may become apparent upon further factual discovery.

       **WHEREFORE,** the U.S. Trustee respectfully requests that this Court (a) deny the Motion and (b) grant such other relief as this Court deems appropriate, fair and just.

Dated:  January 2, 2025
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**Regions 3 and 9**

By: */s/ Jonathan W. Lipshie*
    Jonathan W. Lipshie
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (2020 567-1124 (Phone)
    (302) 573-6497 (Fax)
    Jon.Lipshie@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Jonathan W. Lipshie, counsel to Andrew R. Vara, the United States Trustee for Regions 3 and 9, do hereby certify that on this 2nd day of January 2025, I caused a true and correct copy of the *United States Trustee's Objection to Motion of the Debtor for Relief from Claims Agent Requirement* served on the parties listed below via electronic mail.

GOLDSTEIN & MCCLINTOCK, LLLP

Maria Aprile Sawczuk, Esq.
501 Silverside Road, Suite 65
Wilmington, DE 19809

Harley J. Goldstein, Esq.
Ainsley G. Moloney, Esq.
Joshua M. Grenard, Esq.
William Thomas, Esq.
111 W. Washington Street, Suite 1221
Chicago, IL 60602

Proposed attorneys for the Debtor and
Debtor-in-Possession

By: */s/ Jonathan W. Lipshie*
Jonathan W. Lipshie