**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DORMIFY, INC., | ) ) | Case No. 24-12634 (TMH) |
| Debtor. | ) ) | Related to Docket No. 14 |

**DEBTOR'S REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR PARTIAL RELIEF FROM, AND MODIFICATION OF, REQUIREMENTS FOR A CLAIMS AND NOTICING AGENT PURSUANT TO LOCAL RULE 2002-1(F)**

The above-captioned debtor and debtor-in-possession (the "*Debtor*") hereby files this Reply in further support of Debtor's *Motion for Partial Relief from, and Modification of, Requirements for a Claims and Noticing Agent Pursuant to Local Rule 2002-1(F)* (the "*Motion*") [Docket No. 14], and in response to the *United States Trustee's Objection to Motion of the Debtor for Relief from Claims Agent Requirement* (the "*Objection*") [Docket No. 58], and sets forth the following:

**BACKGROUND**

1.	On November 21, 2024, the Debtor filed its Motion seeking partial relief from and modification of the requirements for a claims and noticing agent (the "*Claims Agent*") pursuant to Local Rule 2002-1(f) (the "*Local Rules*").

2.	Pursuant to Local Rule 2002-1(f), a debtor under certain circumstances (such as with more than two hundred (200) creditors) must retain a Claims Agent, unless the Court orders otherwise. Del. Bankr. L.R. 2002-1(f). Here, the Debtor's creditor matrix includes approximately 250 creditors and parties in interest. *Motion*, ¶ 5. However, the Debtor anticipates that only a fraction of the parties included in the creditor matrix are likely to file claims. *Id.* For that reason, the number of claimants in this case will likely not exceed 200. *See Motion*, ¶ 7.

3. Given the limited universe of expected claimants and the Debtor's limited funds, in the Debtor's business judgment, funding a Claims Agent would not be prudent. In lieu of incurring the expense to its estate by retaining a Claims Agent, the Debtor has instead proposed to use its attorneys, Goldstein & McClintock LLLP, as its noticing agent, which will significantly reduce costs. *Motion*, ¶ 10. Notably, the Debtor also filed its Motion with the express caveat that this contemplated waiver only shall apply as long as filed claims in this case do not exceed two hundred (200); if that threshold is breached, the Debtor will revisit the relief sought by the Motion. *Motion*, ¶¶ 8, 10. The burden on the Court will be no higher than if the Debtor did not meet the threshold of Local Rule 2002-1(f).

4. On January 6, 2025, Andrew R. Vara, in his official capacity as United States Trustee for Regions 3 and 9 (the "*U.S. Trustee*"), filed his Objection to the Debtor's Motion. [Docket No. 58].[1]

## ARGUMENT

5. The U.S. Trustee objected to the Debtor's Motion, arguing, *inter alia*, that the Debtor provided no justification for the relief sought and that granting the Motion would undercut the purposes of the Claims Agent requirement and that the Court would have to shoulder the additional burden. *Objection*, ¶ 14. But the Trustee ignores that, to the contrary, and as noted in the Motion, the Debtor proposes that its counsel will "act as the noticing agent for the Debtor." *Motion*, ¶ 14. Thus, counsel for the Debtor will provide the functions of a noticing agent to avoid additional costs to the estate. If the Motion is granted, the Debtor's stakeholders will benefit from

---

[1] In his objection, the U.S. Trustee asserts that the Debtor "has not submitted any evidence to support the assertion that there is cause for a waiver" of the Claims Agent requirement. *Objection*, ¶ 1. However, as the Debtor and its counsel represented to the Court at the first-day hearing on this matter, the Debtor intends to file a "Second Day" declaration prior to the hearing on this matter that sets forth the facts supporting the relief requested in the Motion.

the reduction of expenses to the Debtor's estate which may otherwise reduce their ultimate recoveries in this case. Finally, to the extent it would aid economic efficiency, G&M will use outside services on a contract basis to effectuate mailings and request reimbursement of such in its fee application; *importantly (unlike a Claims Agent) G&M does not mark up these services and only will seek reimbursement of costs actually incurred in providing such services.*

6. The Court will not be furthered burdened by numerous claim filings, since the Debtor's counsel will monitor the claims filed in these cases, and if they begin to approach 200, will revisit the relief requested. Therefore, the burden on the Court will be no greater than a small case with less than 200 creditors.

A. **THIS RELIEF HAS BEEN GRANTED IN OTHER CASES.**

7. There is nothing novel or unusual about the relief sought by the Debtor. Despite the Trustee's unsupported insistence that a third-party Claims Agent is an unconditional and resolute requirement, this Court has previously granted the relief sought in the Motion on multiple occasions under similar circumstances to those here.

8. For example, this Court granted similar relief in a case where the debtors had approximately 296 creditors and parties in interest listed on their creditor matrix, but — like here — anticipated less than 200 creditors filing claims. *See In re ActiveCare, Inc., et. al.*, Case No. 18-11659 (LSS) (Bankr. D. Del. August 6, 2018), Docket Nos. 35, ¶ 7; 89. In *ActiveCare*, the debtors moved to have the claims agent requirement of Local Rule 2002-1(f) waived because, based on the low number of potential claimants, the costs of a claims agent would outweigh the benefit and "needlessly threaten the preservation of value for the Debtors' estates, creditors, parties in interest, and other stakeholders." *Id.*, Docket No. 35, ¶¶7-8, 10. The debtors also argued that the case was relatively small and they "contemplate[d] an expedited sale process with limited funding, [so] the cost of retaining a claims or noticing agent far outweighs any benefit to the Debtors'

3

estates." *ActiveCare*, Docket No. 35, ¶8.  Judge Silverstein thus granted the debtors' motion to waive the claims agent requirement of Local Rule 2002-1(f). *ActiveCare*, Docket No. 89.

9. The Court granted similar relief in *Blue Prairie*, where the number of potential creditors and parties-in-interest listed on the creditor matrix was over 300 (compared with approximately 250 here) and the debtor anticipated that the claim pool would be relatively small. *See In re Blue Prairie Brands*, Case No. 19-12285 (BLS), Docket No. 9, ¶¶ 6-7; 18 (Bankr. D. Del. Oct. 31, 2019).  Because of these limited numbers, and because the debtor had little cash-on-hand and reduced operations, the debtor in that case was attempting to balance the costs of retaining a Claims Agent with its limited funds and asserted that retention of a Claims Agent would be unnecessary to accomplish the goals of providing the required notice to all stakeholders. *Blue Prairie*, Docket No. 9, ¶¶ 6, 9.  Based on these facts — all of which are nearly identical to the circumstances of this case — Judge Shannon granted the debtor's motion seeking relief from the claims agent requirement.  *See Blue Prairie,* Docket Nos. 9, 13, 18.

10. Here, this Court should likewise grant the Debtor relief from the requirements of Local Rule 2001-1(f) because the high costs to the estate of retaining a Claims Agent are disproportionate to the benefit a Claims Agent can provide in light of the limited number of creditors.  As illustrated in *ActiveCare* and *Blue Prairie*, clear and recent precedent from this Court exists to grant this Motion under similar circumstances—the Debtor merely requests that the Court grant the same relief here.

**B.    COURTS IN THIS DISTRICT HAVE GRANTED SIMILAR RELIEF UNDER LOCAL RULE 2002-1.**

11. Furthermore, this Court routinely grants relief seeking to modify the requirements of Local Rule 2002-1 related to claims noticing. For example, debtors routinely move this Court to modify the requirement in Local Rule 2002-1(f)(v) for each Debtor in a jointly-administered

4

case to maintain separate creditor matrices, instead seeking for the Court to allow the creation of a consolidated creditor matrix. *See, e.g.*, *In re ViewRay, Inc.*, 23-20935 (KBO) (Bankr. D. Del., July 19, 2023), Docket No. 58 (waiving the requirements of Local Rule 2002-1(f)(v) to allow a consolidated creditor list); *In re Kabbage, Inc. d/b/a KServicing*, No. 22-10951 (CTG) (Bankr. D. Del. Oct. 6, 2022), Docket No. 77 (same); *Clovis Oncology, Inc.*, No. 22-11292 (JKS) (Bankr. D. Del. July 23, 2023, Docket No. 982 (same); *Gulf Coast Health Care, LLC*, No. 21-11336 (KBO) (Bankr. D. Del. Nov. 1, 2021), Docket No. 218 (same) (collecting cases). Simply stated, waivers of Local Rule 2002-1 are routinely granted in this Court where, as here, the circumstances warrant it.

12. Throughout this matter, the U.S. Trustee has vehemently argued that the text of Local Rule 2002-1 requires a Claims Agent and has taken the inflexible position that the rule cannot be waived. But this argument is belied by the text of the rule itself, which states that a debtor with more than 200 creditors must retain a Claims Agent "***unless the Court orders otherwise***." Del. Bankr. L.R. 2002-1(f) (emphasis added). Moreover, Local Rule 1001-1(c) states that "the application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice." Del. Bankr. L.R. 1001-1. As shown above, this Court routinely grants relief from this and other requirements of Local Rule 2002-1. The Trustee's argument is entirely at odds with the Court's flexible approach of waiving certain local rules — including Local Rule 2002-1 — when dictated by the needs of the case.

13. Here, the interests of justice favor a waiver of the Claims Agent requirement because: a) the Debtor has a limited number of creditors; b) Debtor's counsel can perform the noticing function; and c) the cost of a third-party Claims Agent is extremely high in light of the Debtor's limited cash position and revenue. Allowing the Debtor to limit its expenses as it moves

5

toward a potential sale of its assets will help ensure that the Debtor is able to maximize the value of its estate for the benefit of all constituencies. Modification of the Claims Agent requirement as contemplated in the Motion is thus necessary and appropriate to preserve the estate's limited resources, while also protecting the interests of all stakeholders as contemplated by Local Rule 2002-1.

### C.  THE NUMBER OF ACTUAL PARTIES AT ISSUE ON THE OSTENSIBLE "MATRIX"

14. In the very first paragraph of his objection, the U.S. Trustee accurately states that "[b]y the time of the hearing on the Motion, this case will be two months old" and "[c]onsequently, the Debtor should be able to determine if the number of parties in interest will exceed 200." *Objection,* ¶ 1.

15. Indeed, as of the date of filing of this reply, and despite all of the parties on the matrix receiving notice of the bankruptcy, a grand total of seventeen (17) Proofs of Claim have been filed in this case. There is likely a strong reason for this.

16. In fact, of the 248 unsecured creditors listed on the creditor matrix, more than 80 of such parties are colleges or universities which, in essence, are liaisons between the Debtor and purchasers of the Debtor's services (dorm room décor). Accordingly, any amounts which may be owed to such parties are relatively nominal. Even more so, the smallest 99 creditors on the Debtor's current creditor matrix are each potentially owed *de minimis* amounts *of less than $500 per purported creditor*.

17. Put simply, the efficiencies of the case and the benefit to the estate by virtue of the relief requested in the Motion far outweigh the pedantic application of a Local Rule that, while respected by the Debtor, simply is not necessary or appropriate under these circumstances.

**CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court (a) enter the proposed Order attached to the Motion granting the relief requested therein. and (b) grant such other and further relief as is just and proper.

Dated: January 14, 2025

Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**

By: */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk, Esq. (Bar ID 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

-and-

Harley J. Goldstein, Esq. (*pro hac vice* pending)
Ainsley G. Moloney, Esq. (*pro hac vice* pending)
Joshua M. Grenard, Esq. (*pro hac vice* pending)
William Thomas, Esq. (*pro hac vice* pending)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
harleyg@goldmclaw.com
ainsleyg@goldmclaw.com
joshuag@goldmclaw.com
willt@goldmclaw.com

*Attorneys for the Debtor and Debtor-in-Possession*