## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DORMIFY, INC.,[1] | ) Case No. 24-12634 (TMH) |
| | ) |
| Debtor. | ) |
| | ) **Hearing Date: February 21, 2025 at 10:00 a.m.** |
| | ) **Objection Deadline: February 14, 2025 at 4:00 p.m.** |
| | ) |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (A) REJECTING THE DEBTOR'S LEASES FOR THE NEW YORK AND CHAMBERSBURG PROPERTIES, *NUNC PRO TUNC* TO THE PETITION DATE; (B) PERMITTING SALE OR ABANDONMENT OF PERSONAL PROPERTY; AND (C) APPROVING RELATED RELIEF

The above-captioned debtor and debtor-in-possession (the "*Debtor*") hereby files this motion (the "*Motion*") for entry of an order (a) authorizing the Debtor to reject certain unexpired leases of non-residential real property*, nunc pro tunc* to the Petition Date; (b) permitting the sale, or in the alternative, the abandonment, of any personal property remaining at the Properties; and (c) granting related relief. In support of the Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. 157(b). The Debtor confirms its consent to the entry of a final order by the Court.

2.      Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 365(a) and 554(b) of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 6006 and 6007 of the Federal Rules

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Dormify, Inc. (5123). The location of the Debtor's corporate headquarters is 286 5th Avenue, Floor 11, New York, NY 10001.

of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## BACKGROUND

4.      The Debtor commenced this voluntary case under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*") in this Court on November 18, 2024 (the "*Petition Date*"). The Debtor is authorized to continue operating its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 11, 2024, the Office of the United States Trustee appointed a statutory committee of unsecured creditors (the "*Committee*") in this Chapter 11 Case [Docket No. 40] pursuant to section 1102 of the Bankruptcy Code.

6.      A detailed description of the Debtor and its business, and the facts and circumstances supporting the Debtor's Chapter 11 Case are set forth in the *Declaration of Karen Zuckerman in Support of Chapter 11 Case* [Docket No. 76].

## THE DEBTOR'S LEASES

7.      The Debtor is seeking to reject the following leases (collectively, the "*Leases*"):

- that certain *Agreement of Lease Between 286 Fifth Realty Corp., as Landlord, and Dormify, Inc., as Tenant* (the "*New York Lease*"), dated April 26, 2022, as between the Debtor and 286 Fifth Realty Corp., ("*286 Fifth Realty*"), for that certain property located at 286 Fifth Avenue, 11th Floor, New York, NY 10001 (the "*New York Property*"); and

- that certain *Lease Agreement* (the "*Chambersburg Lease*"), dated December 19, 2023, as between the Debtor and Tanya K. Nitterhouse, DBA Sunnyhill Properties ("*Sunnyhill*" and together with 286 Fifth Realty, the "*Landlords*"), for that certain property located at The Avenues, 375 Floral Ave., Suite #116, Chambersburg, PA 17201 (the "*Chambersburg Property*" and together with the New York Property, the "*Properties*").

8.      The Leases are unnecessary for the Debtor's restructuring. Both of the Properties previously housed Dormify offices, which the Debtor no longer operates, and the Debtor has not been in the Properties for several months). The Leases therefore hold no value or benefit to the Debtor, are unnecessary and burdensome to the Debtor's estate, and should be rejected.

9.	In an effort to reduce post-petition administrative costs and in the exercise of the Debtor's business judgment, the Debtor believes rejection of the Leases *nunc pro tunc* to the Petition Date is in the best interests of the Debtor's estate. By this Motion, the Debtor moves to reject the Leases *nunc pro tunc* to the Petition Date.

10.	Further, there are no assets located at the Properties other than various office furniture, office equipment, and other officer supplies (the "*Personal Property*").  The Debtor believes that this Personal Property is of limited or no value and is not necessary for the Debtor's reorganization.

11.	The Debtor therefore also requests authority to either sell any such Personal Property for the benefit of the estate.  In the alternative, to the extent that the Debtor is unable to sell some or all of the Personal Property, the Debtor seeks Court approval to abandon such Personal Property.

**BASIS FOR RELIEF**

**I.  Rejection of the Leases Is a Sound Exercise of the Debtor's Business Judgment.**

12.	The Bankruptcy Code enables a debtor in possession to reject certain unexpired leases of the debtor that are for non-residential real property, subject to the court's approval. 11 U.S.C. § 365(a).  Prior decisions of this Court and the Third Circuit generally authorize a debtor to reject unexpired leases where the debtor appropriately exercised its "business judgment." *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see In re Market Square Inn, Inc.*, 978 F.2d 116, 121 (3rd Cir. 1992) (holding in dicta that assumption or rejection of lease "will be a matter of business judgment by the bankruptcy court"); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39-40 (3rd Cir. 1989); *N.L.R.B. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply

whether rejection would benefit the estate, the 'business judgment' test") *aff'd*, 465 U.S. 513, 79 L. Ed. 2d 482, 104 S. Ct. 1188 (1984). Furthermore, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citing *Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 849-50 (Bankr. W.D. Pa. 1987).

13.     As an integral component of its efforts to preserve and maximize the value of its estate and reduce unnecessary administrative costs in this Chapter 11 Case, the Debtor has determined, in its business judgment, that the Leases are burdensome and unnecessary to its estate. Since the Debtor has not operated offices at the New York and Chambersburg Properties since before the Petition Date, any continued expenses, including lease payments or other administrative expenses, incurred in connection with maintaining the Leases would be a needless drain on the assets of the Debtor's estate, and ultimately would reduce the expected recovery of its creditors. In contrast, rejection of the Leases will represent significant cost savings to the Debtor's estate on a going-forward basis and will allow the Landlords to seek new tenants.

14.     Accordingly, pursuant to 11 U.S.C. § 365(a) and as an exercise of the Debtor's business judgment, the Leases should be rejected.

**II.   It Is Appropriate to Deem the Leases as Rejected Effective as of the Petition Date.**

15.     This Court has long recognized that it is appropriate and consistent with the Bankruptcy Code to grant retroactive rejection of an unexpired lease under certain circumstances. *See, e.g.*, *In re Rupari Holding Corp.,* 2017 Bankr. LEXIS 4095 (Bankr. D. Del. Nov. 28, 2017) (courts have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of Section 365(a)."); *In re Chi-Chi's, Inc.*,

305 B.R. 396, 399 (Bankr. D. Del. 2004); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003).

16.     This Court, and many others, have held that bankruptcy courts may exercise discretion to authorize rejections to be effective retroactively to a date prior to entry of the order authorizing such rejection where the balance of equities favor such relief. *See, e.g.*, *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *In re Thinking Machs., Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("[B]ankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."). Courts examine various factors when considering whether to approve retroactive rejection, including the costs that a delayed rejection date would otherwise impose on a debtor. *See In re Jamesway Corp.*, 179 B.R. 33, 38–39 (S.D.N.Y. 1995).

17.     In this instance, the balance of equities favors approving rejection of the Leases retroactive to the Petition Date. The Debtor has not maintained an office at either the New York or Chambersburg Properties since before the Petition Date in mid-November and the only items in the Properties have *de minimis* value. The Leases are burdensome and unnecessary to the Debtor's estate, while providing no benefit. Conversely, because the Properties are not being used by the Debtor, they are currently available to the Landlords to show to potential new tenants and re-lease. Delaying the effective date of the rejection will only cause the Debtor to continue to incur unnecessary administrative costs associated with the Leases.

18.     The balance of equities thus favors approving rejection retroactive to the Petition

Date.

**III. The Debtor Should be Permitted to Sell Any Valuable Personal Property remaining at the Properties.**

19.     To the extent the Personal Property remaining at the Properties has any market value which would be of any benefit to the estate, the Debtor should be permitted to sell such Personal Property.

20.     Section 363(b) permits a debtor to use, sell, or lease, estate property "other than in the ordinary course of business" after notice and a hearing.  11 U.S.C. § 363(b)(1).  Courts in the Third Circuit generally authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor.  *See, e.g.*, *Meyers v. Martin* (*In re Martin*), 91 F.3d 389, 395 (3d Cir. 1996); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999).

21.     Because the Personal Property is of not use to the Debtor, the Debtor believes that the Personal Property should be sold, if possible, for the benefit of the estate. The Debtor has determined, in the sound exercise of their business judgment, that attempting to sell the Personal Property represents the best path forward for maximizing the value of the estate.  Additionally, a quick sale of this Personal Property would minimize administrative expenses by allowing the Debtor to vacate the Properties as quickly as possible.

22.     For these reasons and as a sound exercise of the Debtor's business judgment, the Debtor seeks approval to sell, if possible, any valuable Personal Property under Section 363(b).

**IV.  Alternatively, the Debtor Should Be Permitted to Abandon Personal Property that it Is Unable to Sell.**

23.     To the extent the Debtor is unable to sell some or all of the Property, the Debtor seeks Court approval to abandon or otherwise dispose of the Personal Property.

24.     Section 554(b) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of

the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b)

25.     While the Debtor hopes to sell all of the Personal Property to an office liquidator or other interested buyer, certain of the Personal Property may have no marketable value. If the Debtor is unable to sell the Personal Property, such property will be of inconsequential value and benefit to the estate. Moreover, to the extent such property remains at the Properties, it will be burdensome to the estate because it will be costly to remove and will delay that Landlords' ability to re-lease the Properties, thereby increasing administrative expenses claims.

26.     Accordingly, the Debtor requests, pursuant to section 554(b) of the Bankruptcy Code, that this Court enter an Order permitting the abandonment of any Personal Property that cannot be sold.

## RESERVATION OF RIGHTS

27.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than as set forth herein, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the

Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

28.     To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

## NOTICE

29.     Notice of this Motion has been given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) the Landlords. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 31, 2025             Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK LLLP**

By: */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk, Esq. (Bar ID 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

-and-

Harley J. Goldstein, Esq. (admitted *pro hac vice*)
Ainsley G. Moloney, Esq. (admitted *pro hac vice*)
Joshua M. Grenard, Esq. (admitted *pro hac vice*)
William H. Thomas, Esq. (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
harleyg@goldmclaw.com
ainsleyg@goldmclaw.com
joshuag@goldmclaw.com
willt@goldmclaw.com

*Attorneys for the Debtor and Debtor-in-Possession*