# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DORMIFY, INC.,[1] | ) | Case No. 24-12634 (TMH) |
| | ) | |
| Debtor. | ) | **Related to Docket No. ___** |

## ORDER (A) REJECTING THE DEBTOR'S LEASES FOR THE NEW YORK AND CHAMBERSBURG PROPERTIES, *NUNC PRO TUNC* TO THE PETITION DATE; (B) PERMITTING SALE OR ABANDONMENT OF PERSONAL PROPERTY; AND (C) APPROVING RELATED RELIEF

Upon the motion (the "*Motion*")[2] of the above-captioned debtor and debtor in possession (the "*Debtor*") for entry of an order (this "*Order*"), (a) authorizing the Debtor to reject certain unexpired leases (the "*Leases*") for non-residential real property located at 286 5th Avenue, Floor 11, New York, NY 10001 (the "*New York Property*") and at The Avenues, 375 Floral Avenue, Suite #116, Chambersburg, PA 17201 (the "*Chambersburg Property*" and together with the New York Property, the "*Properties*"), *nunc pro tunc* to the Petition Date; (b) permitting the sale, or in the alternative, the abandonment, of any personal property remaining at the Properties; and (c) granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Dormify, Inc. (5123). The location of the Debtor's corporate headquarters is 286 5th Avenue, Floor 11, New York, NY 10001.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as provided in the Motion.

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted, as set forth herein.

2. The unexpired Leases, including any amendments or modifications thereto, for the non-residential real properties located at the premises at 286 5th Avenue, Floor 11, New York, NY 10001 and at 375 Floral Avenue, Suite #116, Chambersburg, PA 17201 are rejected by the Debtor under section 365 of the Bankruptcy Code effective as of the Petition Date.

3. The Debtor is permitted, but not directed, to sell any remaining personal property located on the Properties pursuant to section 363(b) of the Bankruptcy Code.

4. In the alternative, the Debtor is permitted, but not directed, to abandon or otherwise dispose of any remaining personal property located on the Properties pursuant to section 552(a) of the Bankruptcy Code.

5. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order

granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than as set forth herein and in the Motion, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) other than as set forth herein, a waiver or limitation of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

6. Notice of the Motion as set forth therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.