# EXHIBIT A

Docusign Envelope ID: FDE00709-54DA-470C-9432-C72A37E58EC9



3500 Maple Ave, Suite 420
Dallas, TX 75219
Tel: (972) 794-1050
www.brileyfin.com

March 11, 2025

Mr. Albert Kirchhein
Chief Restructuring Officer
Dormify, Inc.
286 Fifth Avenue, 11th Floor
New York, NY 10001

**Re: Financial Advisor to Dormify, Inc. (the "Matter")**

Dear Al,

This engagement letter agreement (this "Agreement") confirms our understanding of the financial advisory services that GlassRatner Advisory & Capital Group, LLC dba B. Riley Advisory Services ("we," "us," "our" or "B. Riley Advisory") will provide to Dormify, Inc. ("Dormify", "Client" or "Debtor").

Mark Shapiro will have overall engagement planning responsibilities and will lead our day-to-day activities and report directly to you. Although Mr. Shapiro will lead the firm's activities, he will assign other professionals to the Matter as needed.

**Scope of Services**

We understand that we are being retained to provide financial advisory services related to the Matter. Although matters such as this are dynamic, and the services provided by B. Riley may change as the Client provides additional information, it is our understanding that the current Scope of Services may include the following:

- Review historical and projected financial information, including operating results, capital structure and funding mechanics;
- Assist the Debtor in developing financial projections and a liquidity projection model to help assess capital needs;
- Work with the Debtor's other professionals, as needed, including the Chief Restructuring Officer and attorneys;
- Coordinate all activities on behalf of the Debtor in connection with a sale process for the Debtor;
- Assist the Debtor in developing marketing materials for a Sale transaction;
- Provide financial advice and assistance to the Debtor in connection with a Sale transaction and conduct a §363 auction to sell the assets of the Debtor;
- Assess potential Restructuring alternatives;
- Render testimony before the bankruptcy court (the "Bankruptcy Court") presiding over the Debtor's bankruptcy case in connection with the foregoing, as required, on behalf of the Debtor;
- Perform other financial advisory tasks as may be mutually agreed upon by B. Riley Advisory and the Debtor.

As used in this Agreement, a "Sale" shall mean any of the following, whether effected in one transaction or a series of transactions:

- Sale of all or substantially all of the Debtor's stock or operating (*i.e.*, other than causes of action) assets; or
- Merger, consolidation, reorganization or similar corporate transaction involving the Debtor and

Docusign Envelope ID: FDE00709-54DA-470C-9432-C72A37E58EC9



another corporation, partnership, limited liability company, other party, or existing shareholders.

As used in this Agreement, a "Restructuring" shall mean any transaction or series of transactions that constitute a recapitalization or restructuring of the debt securities and/or other indebtedness, obligations or liabilities of any entity comprising the Debtor, resulting in a Plan of Reorganization.

In addition to the foregoing, B. Riley and the Debtor have reviewed the applicable financial statements and related disclosures with respect to the sale and have agreed that certain financial disclosures and documents may need amended or otherwise restated with respect to the sale discussed above. In respect thereof, the Debtor and B. Riley have agreed to an additional service for the amendment and restatement of such financial documents in the amount of $15,000.00 (the "Financial Statement Reconciliation"). Such amount has been agreed to and accepted by both of the parties hereto and incorporated herein as part of the agreements set forth in this engagement letter.

**Compensation**

As compensation for our services hereunder, the Debtor hereby agrees to pay B. Riley Advisory a Retainer Fee in the amount of $50,000 (which shall be paid in accordance with the Bankruptcy Court's order [Docket No. 109 in the Debtor's bankruptcy case] entered on February 5, 2025 approving the Debtor's motion for debtor-in-possession financing (the "DIP Loan") and an amount of $15,000 on account of the Financial Statement Reconciliation (in an aggregate amount of $65,000), or in accordance with any subsequent order of the Bankruptcy Court regarding such debtor-in-possession financing), such cash fee to be paid promptly by wire transfer upon execution of this agreement and approval by the Bankruptcy Court.

In addition to the Retainer Fee, B. Riley Advisory may earn a contingent Success Fee, calculated as the greater of a) $250,000, or b) 5% of the cumulative Transaction Price to $5,000,000, plus 7% of the cumulative Transaction Price in excess of $5,000,000; *provided, however,* that any portion (or all) of such Success Fee shall only be due and payable from any cash proceeds generated by a Sale or Restructuring which are in excess of any debt secured by the assets involved in such Sale or Restructuring (*i.e.*, such Sale or Restructuring must generate unencumbered proceeds to the Debtor's bankruptcy estate as a condition of B. Riley Advisory earning and being paid any portion of a Success Fee). For purposes of this Agreement, the "Transaction Price" shall be the aggregate consideration in connection with a Sale or Restructuring, including without limitation, the sum of the following (for the sake of clarification, B. Riley Advisory shall not earn a fee for procuring the DIP Loan, because the DIP Loan was procured prior to the Debtor's engagement of B. Riley Advisory):

- Cash and cash equivalents paid by the buyer(s), or contributed by a plan sponsor, to or for the benefit of the Debtor;
- Market value of any common or preferred stock, or promissory notes issued by either the Debtor or the buyer(s) in a Sale or Restructuring;
- Value of any loans, notes or other evidence of indebtedness of Debtor which is issued, sold, assumed and/or forgiven in connection with a Sale or Restructuring;
- Value of any trade payables, accrued liabilities assumed, or cure costs paid in connection with a Sale or Restructuring.

The Success Fee shall be payable in cash in full at the time of and as part of the closing of the Sale or effective date of a plan, as the case may be, subject to approval of the Bankruptcy Court and the terms of this Agreement.

Upon execution of the Agreement, Debtor shall direct their counsel to promptly seek Bankruptcy Court approval of B. Riley Advisory to serve as Financial Advisor to the Debtor in accordance with the terms

Docusign Envelope ID: FDE00709-54DA-470C-9432-C72A37E58EC9



hereof, and the Agreement shall be subject to Bankruptcy Court approval.

**Limitations**

B. Riley Advisory is not a public accounting firm. While our work may involve analysis of accounting records, the engagement does not include an audit or review of existing records in accordance with generally accepted auditing standards or standards for review engagements. Accordingly, we will not be expressing an audit opinion on any of the financial or other data received in this engagement. B. Riley Advisory is not a law firm and will not provide legal or tax advice on any transaction or financing in conjunction with this assignment.

The working papers and other materials created by us during this engagement are our property. At the completion of our engagement, all of the Client's documents will be returned to the Client at the Client's request. Unless we are notified otherwise, or unless the Client requests the files to be returned to the Client, we will work on the assumption that all documents in our possession may be destroyed one year from the completion of the Matter, or the passage of one year without our actively participating in the Matter. The Client acknowledges that all advice (written or oral) given by B. Riley Advisory to the Client is intended solely for the benefit and use of the Client. No advice (written or oral) of B. Riley Advisory hereunder shall be used, reproduced, disseminated, quoted or referred to at any time, in any manner, or for any purpose, nor shall any public references to B. Riley Advisory be made by the Client, without the prior written consent of B. Riley Advisory.

Please note that it is not our practice to retain working papers, notes, or data files that have been updated or superseded. If you wish us to follow a different retention practice, please indicate your specific request(s) in writing when returning a copy of this Agreement.

**Limitation of Liability**

NEITHER B. RILEY ADVISORY NOR ANY EMPLOYEES OR AFFILIATED PERSONS OR ENTITIES OF B. RILEY ADVISORY AND THEIR RESPECTIVE DIRECTORS, OFFICERS, MEMBERS, MANAGERS, EMPLOYEES, AND AGENTS (EACH, A "B. RILEY PARTY," AND COLLECTIVELY, THE "B. RILEY PARTIES") SHALL HAVE ANY LIABILITY (WHETHER DIRECT OR INDIRECT, IN CONTRACT OR TORT OR OTHERWISE) TO ANY PARTY FOR OR IN CONNECTION WITH THE ENGAGEMENT OF B. RILEY ADVISORY, EXCEPT TO THE EXTENT THAT ANY SUCH LIABILITY FOR LOSSES, CLAIMS, DAMAGES, LIABILITIES OR EXPENSES FINALLY JUDICIALLY DETERMINED OR DETERMINED PURSUANT TO A FINAL, BINDING DECISION OF AN ARBITRATOR IN ACCORDANCE WITH THE DISPUTE RESOLUTION PROVISIONS OF THIS AGREEMENT TO HAVE RESULTED PRIMARILY FROM SUCH INDEMNIFIED PARTY'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT. The provisions of this paragraph shall survive the completion of the engagement and/or the expiration or termination of this engagement or this Agreement.

**Termination**

Subject to Bankruptcy Court approval to the extent required, this Agreement may be terminated immediately by B. Riley Advisory or the Client, in its sole discretion, for any reason whatsoever and without prior notice. Upon termination of this Agreement, B. Riley Advisory shall be entitled to all fees and expenses incurred pursuant to this Agreement prior to notice of termination and shall be entitled to the remaining unpaid balance of any fee, subject to any dispute concerning the fees due, and subject to the dispute provision included in this Agreement. The termination of this Agreement shall not relieve the Client or B. Riley Advisory from the provisions of this Agreement relating to limitation of liability, the provisions relating to the payment of the fees, costs and expenses payable hereunder whether or not accrued prior thereto, confidentiality, the status of B. Riley Advisory as an independent contractor, the

Docusign Envelope ID: FDE00709-54DA-470C-9432-C72A37E58EC9



limitation on the use, reliance on and disclosure of B. Riley Advisory's advice, limitation to whom B. Riley Advisory shall owe any duties, governing law and dispute resolution.

**Confidentiality**

B. Riley Advisory agrees not to disclose or permit the disclosure of any information relating to the project to be performed hereunder, provided that such disclosure may be made (a) to any person who is an officer, director, member, manager, or employee of B. Riley Advisory or its affiliates or advisors ("Representatives") solely for their use in the performance of the services hereunder and on a need-to-know basis, (b) with the prior written consent of the Client, or (c) pursuant to a subpoena or order issued by a court, arbitrator or governmental body, agency or official. In the event that B. Riley Advisory shall receive a request for disclosure under a subpoena or order, B. Riley Advisory shall, to the extent legally permissible, (i) promptly notify the Client, (ii) consult with the Client on the advisability of taking steps to resist or narrow such request and (iii) if disclosure is required or deemed advisable, cooperate with the Client, at the Client's sole cost and expense, in any attempt it may make to obtain an order or other assurance that confidential treatment will be accorded. The confidentiality restrictions contained herein shall continue for a period of two (2) years from the date hereof and shall not apply to information that: (i) at the time of disclosure by the Client to B. Riley Advisory or its Representatives is, or thereafter becomes, generally available to the public, other than as a direct result of a breach by B. Riley Advisory of its obligations under this Agreement; (ii) prior to or at the time of disclosure by the Client to B. Riley Advisory or its Representatives, was already in the possession of B. Riley Advisory or any of its Representatives; (iii) at the time of disclosure is, or thereafter becomes, available to B. Riley Advisory or its Representatives from a third-party source, provided that, to B. Riley Advisory's knowledge, such third party is not and was not prohibited from disclosing such Confidential Information to B. Riley Advisory; or (iv) is or was independently developed by B. Riley Advisory or its Representatives, but not using or referencing the confidential information provided to B. Riley Advisory by the Client.

**Integration; Severability**

This Agreement contains the entire agreement and understanding between B. Riley Advisory and/or the Client concerning the Matter. This Agreement supersedes and replaces all prior negotiations, estimates, proposed agreements, and/or agreements (oral and written) concerning B. Riley Advisory's services for the Client in conjunction with the Matter. If any portion of this Agreement shall be held or made unenforceable or invalid by a statute, rule, regulation, decision of a tribunal or otherwise, the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect, and, to the fullest extent, the provisions of this Agreement shall be severable.

**Governing Law; Dispute Resolution**

The parties agree that any disputes arising out of this Agreement shall be subject to the exclusive jurisdiction of the Bankruptcy Court, *provided, however,* that if the Bankruptcy Court lacks subject matter jurisdiction over such a dispute, then such dispute shall be submitted to final, binding arbitration conducted in New York, New York under the Expedited Arbitration Procedures and Rules of the Judicial Arbitration and Mediation Services Inc. ("JAMS") before a single, neutral arbitrator who shall follow New York law and the Federal Rules of Evidence and have no authority to award punitive damages. To the extent the Bankruptcy Court lacks subject matter jurisdiction, then Either party may enforce a final arbitration award in any court of competent jurisdiction in New York, New York including an award of costs, fees and expenses incurred in enforcing the award. Unless required in bankruptcy, the parties shall keep confidential, and not disclose the fact that there is a dispute between the parties, the details of the dispute, the fact of the arbitration and all details relating to the proceeding. Notwithstanding the foregoing, if the Bankruptcy Court lacks subject matter jurisdiction over such matter, then either party shall be entitled to seek injunctive relief in the state or federal courts of the State of New York upon a showing that a material portion of this Agreement was violated, and emergency relief is necessary to



avoid irreparable harm. The prevailing party in any dispute arising hereunder shall be entitled to recover from the other all fees and costs incurred, including legal fees and costs and the costs of experts, in any proceedings, including, but not limited to arbitration, litigation, bankruptcy, and in any appellate proceedings as well.

### B. Riley Advisory Employee Non-Solicit

For the period that will commence on the date of this Agreement and terminate on the date that is six (6) months from the date of the termination or expiration of this Agreement (the "Solicitation Period"), the Debtor shall not solicit any B. Riley Advisory employee who works on this engagement.

### Contact Information

All correspondence should be directed to:

Mark Shapiro
B. Riley Advisory Services
3500 Maple Avenue, Suite 420
Dallas, TX  75219
Phone: (972) 794-1056
Email: mshapiro@brileyfin.com

### Conclusion

If the arrangements described in this Agreement are acceptable to the Client, and the services summarized above are in accordance with the understanding of the Client, please sign and return a copy of this Agreement.

We look forward to working with you on this Matter. This Agreement may be executed in counterparts. Signatures sent by fax or as pdf shall be treated as originals.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK; SIGNATURE PAGES FOLLOW]



Yours very truly,

**GLASSRATNER ADVISORY & CAPITAL GROUP LLC DBA B. RILEY ADVISORY SERVICES**

Mark Shapiro
Senior Managing Director

Accepted and Agreed:

**DORMIFY INC.**

_____   3/12/2025
Albert Kirchhein                              _____
                                                        Date