# EXHIBIT D

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DORMIFY, INC.,[1] | ) | Case No. 24-12634 (TMH) |
| | ) | |
| Debtor. | ) | Related to Docket No. ——130 |

**ORDER AUTHORIZING THE EMPLOYMENT OF B. RILEY ADVISORY SERVICES AS FINANCIAL ADVISOR TO CONDUCT A GOING CONCERN SALE OF THE DEBTOR'S ASSETS**

Upon the Application (the "*Application*")[2] of the above-captioned debtor and debtor in possession (the "*Debtor*") for an order, pursuant to sections 327(a) and 328 of the Bankruptcy Code, authorizing the Debtor to employ and retain B. Riley Advisory Services ("*B. Riley*") as the Debtor's financial advisor to sell the Debtor's Business; and upon review of the Shapiro Declaration and the Engagement Letter filed therewith; and the Court being satisfied based on the representations made in the Application and the Shapiro Declaration that B. Riley is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code; it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding under 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409; and notice of this Application and the opportunity for a hearing on this Application was appropriate under the particular circumstances

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Dormify, Inc. (5123). The address of the Debtor's corporate headquarters is P.O. Box 170376, Brooklyn, NY 11217.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as provided in the Application.

and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore; it is hereby:

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor is authorized and empowered to employ B. Riley as its financial advisor to perform the services set forth in the Application and the Shapiro Declaration; and it is further

ORDERED that B. Riley shall be paid its $50,000 Retainer (as such term is used in the Engagement Letter) without further order of the court as soon as reasonably practical after the entry of this Order; and it is further

ORDERED that B. Riley shall be paid its $15,000 Financial Statement Reconciliation (as such term is used in the Engagement Letter) without further order of the court as soon as reasonably practicable after the entry of this Order; and it is further

ORDERED that the terms of B. Riley's retention by the Debtor shall be consistent with the terms as described in the Application, the Shapiro Declaration, and the Engagement Letter; and it is further

ORDERED that, consistent with the terms of the Engagement Letter, neither B. Riley nor any employees or affiliated persons or entities of B. Riley (and their respective directors, officers, members, managers, employees, and agents) (each, a "*B. Riley Party*" ~~and collectively, the "*B. Riley Parties*"))~~") shall have any liability (whether direct or indirect, in contract or tort or otherwise) to any party for or in connection with the engagement of B. Riley, except to the extent that any such liability for losses, claims, damages, liabilities or expenses ~~finally judicially determined pursuant to a final, binding decision of an arbitrator in accordance with the dispute resolution provisions of the Engagement Letter~~ have resulted primarily from such B. Riley

2

Party's gross negligence or willful misconduct and such limitation of liability shall survive the completion of the engagement and/or expiration or termination of the terms of the Engagement Letter; and it is further

ORDERED that amounts due to B. Riley with respect to a Transaction shall be paid directly from the proceeds of the sale of the Debtor's Assets without further order of the Court in accordance with the compensation structure and upon the terms set forth in the Engagement Letter; and it is further

ORDERED that, to the extent B. Riley discovers any connection with any interested party or enters into any new relationship with any interested party, B. Riley will promptly supplement its disclosure to the Court; and it is further

ORDERED that, notwithstanding anything to the contrary in the Engagement Letter, the Court shall retain jurisdiction with respect to any dispute that may arise between the Debtor and B. Riley during the pendency of this case; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.