**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DORMIFY, INC.,[1] | ) | Case No. 24-12634 (TMH) |
| | ) | |
| Debtor. | ) | Related to Docket Nos. 115, 151, 213, and 218 |

**ORDER (I) APPROVING THE DEBTOR'S (A) SALE OF LIMITED INVENTORY AND UNIVERSITY CONTRACT ASSETS TO CAMPUS COMFORTS, INC., FREE AND CLEAR OF ALL ENCUMBRANCES OTHER THAN ASSUMED LIABILITIES; AND (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO CAMPUS COMFORTS, INC.; AND (II) GRANTING RELATED RELIEF**

Upon of the motion (the "**Motion**") of the Debtor for entry of two orders:[2]

(I)   An order (the "**Bidding Procedures Order**"):

  (a)   approving the Bidding Procedures, in substantially the form attached as Exhibit 1 to the Bidding Procedures Order, to govern the sale of all or substantially all of the Debtor's assets (the "**Assets**") or components thereof, pursuant to section 363 of the Bankruptcy Code;

  (b)   approving the form and manner of notice of the Sale Notice (defined below), substantially in the form attached as Exhibit 2 to the Bidding Procedures Order (the "**Sale Notice**");

  (c)   authorizing the Debtor to select a Stalking Horse Bidder and enter into a Stalking Horse Agreement, if applicable;

  (d)   approving (i) the Assumption and Assignment Procedures for the assumption and assignment of the Contracts and (ii) the form and manner of the Cure Notice of assumption and assignment of Contracts, including the form and manner of notice of the Cure Amounts attached as Exhibit 3 to the Bidding Procedures Order;

  (e)   scheduling the auction (the "**Auction**"), if any, and the hearing to consider approval of the Sale (the "**Sale Hearing**") and approving the form and manner of notice thereof;

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Dormify, Inc. (5123). The address of the Debtor's corporate headquarters is P.O. Box 170376, Brooklyn, NY 11217.

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion [Docket No. 115] or the Bidding Procedures Order [Docket No. 151].

      (f)      granting related relief.

(II)      An order (the "**Sale Order**"):

      (a)      approving the Sale of the Assets or component thereof, free and clear of all encumbrances;

      (b)      authorizing and approving the assumption and assignment of the Assigned Contracts to the Successful Bidder, or the Back-Up Bidder, as the case may be; and

      (c)      granting related relief.

And upon the Declarations existing in the record and the Bidding Procedures Order entered on February 21, 2025 [Docket No. 151]; this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the Sale Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

B. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order consistent with Article III of the United States Constitution.

C. Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. The statutory bases for the relief requested in the Motion are sections 105(a), 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and Local Rules 2002-1 and 6004-1.

E. Proper, timely, adequate, and sufficient notice of the Motion, the Auction, the Sale Hearing, the Sale, the Bidding Procedures Order, the Bidding Procedures, and the Assumption and Assignment Procedures (as defined in the Motion) has been provided in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code and rules 2002, 6003, 6004, 6006, 7004, 9006, 9007, and 9014 of the Bankruptcy Rules, and no other or further notice of the Motion, the Auction and Sale Hearing, the Sale, the Bidding Procedures Order, the Bidding Procedures, or the Assumption and Assignment Procedures is required or necessary under the circumstances.

F. At the Auction, Campus Comforts, Inc. ("**Campus Comforts**" or the "**Purchaser**") was the successful Bidder for certain of the Debtor's inventory assets and certain university contracts (the "**Limited Inventory and University Contract Assets**" or the "**Acquired Assets**").

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

G.      Upon payment of applicable Cure Amounts, as defined by the Campus Comforts Asset Purchase Agreement (the "**APA**"), for assumed contracts (each an "**Assumed Contract**" and collectively the "**Assumed Contracts**") by the Purchaser (or with respect to Assumed Contracts for which there is no Cure Amount owing, upon entry of this Sale Order), the Purchaser will have satisfied sections 365(b)(1) and 365(f)(2)(B) of the Bankruptcy Code. The Debtor, to the extent necessary, will have satisfied all of the requirements of section 365(b)(1) of the Bankruptcy Code in connection with the assumption of the Assumed Contracts, and all of the requirements of sections 365(b)(3) and 365(f)(2) of the Bankruptcy Code in connection with the assignment of the Assumed Contracts to the Purchaser.

H.      The Bidding Procedures were substantively and procedurally fair to all parties and all potential bidders. The Debtor undertook substantial marketing efforts and conducted the sale process without collusion and in accordance with the Bidding Procedures Order. The Debtor (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as Bidders and submit their highest or otherwise best offer to purchase the Assets under the circumstances, (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Assets, and (iii) received several Bids submitted in accordance with the Bidding Procedures Order.

I.      The Debtor and the Purchaser have complied with the Bidding Procedures Order and the Bidding Procedures in all respects.

J.      Campus Comforts submitted the highest and best offer for the Debtor's Limited Inventory and University Contract Assets at the Auction, on the terms and conditions set forth in the APA.

K.      The Bidding Procedures afforded a full, fair, and reasonable opportunity for any

entity to make a higher or better offer to purchase the Acquired Assets and no higher or better offer was made.

L. The Debtor has agreed to the APA, this Sale Order, and the transactions contemplated thereby and hereby (the "**Sale**"). The Sale is not being entered into fraudulently, the Purchase Price constitutes reasonably equivalent value for the Acquired Assets, and the Sale is not voidable under applicable fraudulent transfer laws. The Debtor has advanced sound business reasons for seeking authority to enter into and to sell the Acquired Assets, as more fully set forth in the Motion and as demonstrated by the Debtor in the evidence submitted in support of the Motion, and it is a reasonable exercise of the Debtor's business judgment to sell the Acquired Assets and to execute, deliver, and perform under the APA. The Debtor has complied with the provisions of section 363 of the Bankruptcy Code.

M. The consideration constituting the purchase price, as provided for under the APA, (the "**Purchase Price**"), is valid and proper consideration pursuant to Sections 363(b) and 363(k) of the Bankruptcy Code, the Bidding Procedures Order, and the DIP Order.

N. The Debtor has complied with the provisions of section 363 of the Bankruptcy Code.

O. The Purchaser is a good-faith purchaser in accordance with section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Purchaser is not an "insider" of the Debtor as "insider" is defined in the Bankruptcy Code. All of the actions taken by the Debtor and the Purchaser, and their respective officers, directors, employees, counsel, financial advisors and other professionals in connection with the negotiation, execution, delivery, and consummation of the Sale and the APA, have been conducted at arm's length and have been in good faith. The Purchaser did not engage in any collusion in placing its bid to purchase the

Acquired Assets. The Purchaser is a good-faith purchaser of the Acquired Assets and assignee of the Assumed Contracts (as delineated more fully in the APA) within the meaning of section 363(m) of the Bankruptcy Code and, with respect to the acquisition of the Acquired Assets and assignment of the Assumed Contracts, is entitled to all of the benefits of section 363(m) of the Bankruptcy Code. The Sale may not be avoided under section 363(n) of the Bankruptcy Code. Absent a stay of the effectiveness of this Sale Order, if any, the Debtor and Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale, at any time after the entry of this Sale Order in accordance with the APA.

P.   The Debtor has exercised sound and proper business judgment in determining to: (i) sell the Acquired Assets to the Purchaser; (ii) enter into the APA; and (iii) assume and assign to the Purchaser the Assumed Contracts pursuant to section 365 of the Bankruptcy Code, as applicable under the APA. Entry into the APA, assumption and assignment to the Purchaser of the Assumed Contracts and consummation of the Sale constitute a good and sufficient exercise by the Debtor of its sound business judgment, and such acts are in the best interests of the Debtor, its estate and creditors, and all parties in interest under the circumstances. The Court finds that the Debtor has articulated both (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for the Sale of the Acquired Assets to the Purchaser pursuant to section 363(b) prior to, and outside of, a plan of organization.

Q.   The APA is a valid and binding contract between the Debtor and the Purchaser, which is and shall be enforceable against the Debtor and the Purchaser according to their terms.

R.   There are good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(h), and 6006(d).

S.  Good cause exists to grant all relief provided herein, and the entry of this Order is in the best interests of the Debtor, its estate, its creditors, and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

3. The Debtor is authorized to: (i) sell the Limited Inventory and University Contract Assets to Campus Comforts, as the party with the highest and otherwise best offer for the Limited Inventory and University Contract Assets under the circumstances, or its designee, in an amount equal to the Purchase Price set forth in the APA, subject to the provisions of Paragraph 5 below, and on the terms set forth in this Sale Order and the APA; (ii) assume the Assumed Contracts as provided in the APA; and (iii) assign such Assumed Contracts to Campus Comforts as provided in the APA.

4. Subject to the provisions of Paragraph 5 below, the Debtor is authorized to sell the Acquired Assets to the Purchaser, and, except as otherwise set forth in the APA and this Sale Order, the Sale, assumption by the Debtor of the Assumed Contracts, and assignment of such Assumed Contracts to the Purchaser as provided in the APA shall be and is, pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests, except for the Assumed Liabilities as provided in the APA. Any such liens, claims, encumbrances, and interests shall attach to that portion, if any, of the purchase price ultimately attributable to the Acquired Assets against or in which such liens, claims, encumbrances, and interests are asserted, subject to the terms of such liens, claims, encumbrances, and interests, with the same validity,

force, and effect, and in the same order of priority, that such liens, claims, encumbrances and interests had prior to the Sale, subject to any rights, claims, offsets, and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

5. Except as otherwise set forth in the APA and this Sale Order, any person seeking to assert any liens, claims, encumbrances, or interests against, in, or to either the Acquired Assets, the Assumed Contracts, the excluded liabilities as set forth in the APA (the "**Excluded Liabilities**"), or the Purchaser shall be enjoined and forever barred from pursuing such liens, claims, encumbrances, or interests against the Acquired Assets, the Assumed Contracts and the Purchaser, or any of their affiliates, successors, or assigns. The terms of this Sale Order shall be binding upon the Debtor, its estate, all creditors, all parties asserting any liens, claims, encumbrances, or interests in the Acquired Assets or Assumed Contracts, and the respective successors and assigns of any of the foregoing, including, but not limited to, any trustee appointed in the Debtor's Chapter 11 Cases or any subsequent Chapter 7 case or cases.

6. The Purchaser is not, and shall not be deemed to, as a result of any action taken in connection with the Sale (i) be a successor to or mere continuation or substantial continuation to the Debtor or its estate or (ii) have, de facto or otherwise, merged or consolidated with or into the Debtor. Without limitation of the foregoing, the Purchaser shall have no liability for the Excluded Liabilities or any successor liability or similar claims.

7. The Debtor is authorized and directed, pursuant to section 365 of the Bankruptcy Code, to assume and assign to the Purchaser the Assumed Contracts (as provided for in the APA), which assumption and assignment, without any further order of this Court being required, shall occur upon the closing of the Sale, subject to the payment by the Purchaser of the applicable Cure Amounts, if any.

8.      The provisions of the APA relating to the assumption and assignment of the Assumed Contracts are valid and binding, in full force and effect, and enforceable in accordance with their terms and upon the closing of the Sale, except as otherwise set forth in this Sale Order. In accordance with sections 363 and 365 of the Bankruptcy Code, upon the Closing, the Purchaser shall be fully and irrevocably vested with all of the Debtor's rights, title and interest to and in each of the Assumed Contracts, subject to the payment by the Purchaser of the applicable Cure Amounts, if any.

9.      Solely in connection with the Sale to the Purchaser pursuant to the APA, any section or provision in any of the Assumed Contracts that purports to declare a breach, default, or payment right, or that purports to provide for additional payments, penalties, charges, or other financial accommodations in favor of non-debtor counterparties to the Assumed Contracts as a result of the Debtor's assumption and assignment to the APA of the Assumed Contracts in connection with the Sale is unenforceable. Any such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code. No assignment of any of the Assumed Contracts pursuant to the terms of the APA shall in any respect constitute a default under any of the Assumed Contracts. All counterparties of the Assumed Contracts that did not timely file an objection to the assumption and assignment of the Assumed Contract(s) to which they are a counterparty are deemed to consent to the assumption and assignment by the Debtor of their Assumed Contract to the Purchaser (as applicable under the APA), and the Purchaser shall enjoy all of the rights and benefits under such Assumed Contract as of the applicable date of assumption and assignment without the necessity of obtaining such non-Debtor party's consent to the assumption or assignment thereof.

10. Except as otherwise provided in this Sale Order, all monetary defaults under the Assumed Contracts arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any default provision of the kind mentioned in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured upon payment of the Cure Amounts (or with respect to any Assumed Contract for which there are no Cure Amounts, upon entry of this Sale Order), and any counterparty to an Assumed Contract shall be forever barred from asserting any other claim with respect to such Assumed Contract against the Debtor, its estate, the Purchaser, or the property of any of them. Upon (i) payment of the applicable Cure Amount, if any, and (ii) the assumption and assignment of each respective Assumed Contract in accordance with the APA and this Sale Order, the Purchaser shall enjoy the rights and benefits under the Assumed Contracts; provided however, and notwithstanding anything to the contrary contained in this Sale Order or in the APA, the Purchaser shall be liable for all obligations and liabilities under any unexpired lease that is an Assumed Contract to the extent such obligations or liabilities arise or are (as required by the applicable unexpired lease) billed after the Closing.

11. On and after the Closing, the Purchaser shall be authorized to execute and file such documents, and to take all other actions as may be necessary, on behalf of each holder of an encumbrance (other than an Assumed Liability) to release, discharge, and terminate such encumbrance on and against the Acquired Assets (but not the proceeds thereof) as provided for herein, as such encumbrance may have been recorded or may otherwise exist. On and after the Closing, and without limiting the foregoing, the Purchaser shall be authorized to file termination statements, mortgage releases, or lien terminations in any required jurisdiction to remove any mortgage, record, notice filing, or financing statement recorded to attach, perfect, or otherwise notice any encumbrance that is extinguished or otherwise released pursuant to this Sale Order.

This Sale Order constitutes authorization under all applicable jurisdictions and versions of the Uniform Commercial Code and other applicable law for the Purchaser to file UCC and other applicable termination statements with respect to all security interests in, liens on, or other claims or encumbrances in the Acquired Assets.

12. On and after the Closing, the entities holding an encumbrance (other than an Assumed Liability) shall execute such documents and take all other actions as may be reasonably necessary to release their respective encumbrances in the Acquired Assets (but not the proceeds thereof), as such encumbrances may have been recorded or otherwise filed. The Purchaser may, but shall not be required to, file a certified copy of this Sale Order in any filing or recording office in any federal, state, county, or other jurisdiction in which the Debtor is incorporated or has real or personal property, or with any other appropriate clerk or recorded with any other appropriate recorder, and such filing or recording shall be accepted and shall be sufficient to release, discharge, and terminate any of the encumbrances as set forth in this Sale Order as of the Closing.

13. This Sale Order shall be binding upon and govern the acts of all entities and governmental authorities, including, all filing agents, filing officers, administrative agencies or units, governmental departments or units, secretaries of state, federal, state, and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Acquired Assets. Each and every governmental authority, and any other person or entity, is hereby authorized and directed to accept any and all documents and instruments in connection with or necessary to consummate the Sale.

14. Except with respect to enforcing the terms of the APA, the Bidding Procedures Order, or this Sale Order, no person shall take any action to prevent, enjoin, or otherwise interfere with the consummation of the Sale.

15. Any and all Acquired Assets in the possession or control of any person or entity, including any vendor, supplier, attorney, or employee of the Debtor, shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, or interests, and shall be delivered and deemed delivered at the time of closing of the Sale to the Purchaser, with all such liens, claims, encumbrances or interests to attach to the proceeds received by the Debtor with the same priority, validity, force, and effect as such liens, claims, encumbrances or interests had in the Acquired Assets, subject to any claims and defenses the Debtor may possess with respect thereto. Any party having or exercising possession or control of any Acquired Assets from and after the Closing shall (i) be deemed to hold such Acquired Assets in trust for the Purchaser and (ii) immediately turn over possession or control of such Acquired Assets to the Purchaser.

16. The Purchaser is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code with respect to the Sale, the assumption and assignment of the Assumed Contracts, and all transactions approved in this Sale Order.

17. At the Closing, the Debtor is authorized and directed to sell, assign, transfer, convey, and deliver all of the Debtor's rights, title, and interests in, to and under the Acquired Assets and the Assumed Contracts to the Purchaser in accordance with the terms of the APA.

18. The Debtor has full power and authority to execute, deliver, and perform under the APA and all other documents necessary and appropriate to effect the Sale approved by this Sale Order. No other consents or approvals, other than those expressly provided for in the APA and herein, are required for the Debtor to consummate the Sale.

19. The APA and all documents ancillary thereto may be modified, amended, or supplemented by the parties thereto in a writing signed by the parties, in accordance with the terms thereof, without further order of this Court; provided, that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

20. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to implement the provisions of this Sale Order and carry out the terms of the APA. The stay under Bankruptcy Rule 4001(a)(3) is hereby waived in accordance with this paragraph.

21. This Court retains jurisdiction to: (i) interpret, enforce, and implement the terms and provisions of the APA; (ii) resolve any disputes arising under or related to the APA; and (iii) interpret, implement, and enforce the provisions of this Sale Order.

22. The provisions of this Sale Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered confirming any plan of reorganization of the Debtor, appointing a Chapter 11 trustee, converting the Debtor's Case from a Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or approving a structured dismissal of this Case. To avoid any doubt, nothing herein preapproves any terms of a chapter 11 plan or structured dismissal.

23. This Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate and its creditors, the Purchaser, and their successors and assigns, and upon any superseding trustee in the Debtor's bankruptcy Case, or, in the event of (i) the appointment of a Chapter 11 trustee, upon the Chapter 11 trustee or (ii) the conversion to a Chapter 7 case, upon the Chapter 7 trustee. The Debtor and the Purchaser shall be entitled to enforce the terms and provisions of this Sale Order.

24. This Sale Order and the APA shall be binding in all respects upon: (i) all Persons who are known to possess or assert a lien, claim, or encumbrance against the Debtor or against or interest in any of the Acquired Assets (including all parties adverse to the Debtor in litigation); (ii) all Persons with liens of record on the Acquired Assets as of the Petition Date; (iii) all creditors of each of the Debtor (whether known or unknown); (iv) all governmental authorities that were served with notice of the Sale; (v) all non-debtor counterparties to the Assumed Contracts and all parties known to claim any interest therein; (vi) all financial institutions at which the Debtor maintains deposit accounts; (vii) all successors and assigns of the Debtor and their affiliates and subsidiaries; (viii) any trustees, examiners, "responsible persons," foreign representatives or other fiduciaries appointed in the Debtor's bankruptcy Case, or upon appointment of a Chapter 11 trustee or conversion to a Chapter 7 under the Bankruptcy Code; and (ix) all current and former employees of the Debtor.

25. The failure to specifically include or make reference to any particular provision of the APA, or any other document contemplated thereby or in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA and any other document contemplated thereby are authorized and approved in their entirety and shall be binding upon and enforceable by and against the Debtor, its estate, and the Purchaser.

26. This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a)(1). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014, and any other applicable rule or law, the Court expressly finds that there is no just reason for the delay in implementation of the Sale Order, waives any stay, and expressly directs entry of the Sale Order as set forth herein.

27. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Sale Order shall be immediately effective and enforceable upon its entry.

28. All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

29. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Sale Order in accordance with the Motion.

30. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Sale Order.

**Dated: April 29th, 2025**
**Wilmington, Delaware**

*/s/ Thomas M. Horan*
**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**